UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 1:23-cv-00936-ADA-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND GRANTING LEAVE TO AMEND<br><br>(Doc. 3)<br><br>**21-DAY DEADLINE** |

Pending before the Court is the motion by Defendant National Interstate Insurance Company to dismiss the complaint of Plaintiff Anthony Davis, filed June 29, 2023, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 3).[1] The Court has received and considered Plaintiff's opposition papers (Doc. 5) and Defendant's reply (Doc. 8).

**Background**

On October 21, 2019, Plaintiff filed a personal injury lawsuit in the Superior Court for the State of California, County of Kern, against Ten-West Towing, its alleged owner, James R. Cady, and an employee, Brandon Edwards. *See* Complaint (Doc. 1-1) ¶ 10. Plaintiff amended the complaint twice, and the operative, third amended complaint was filed on August 28, 2020 (the

---

[1] Defendant's motion to dismiss was assigned for decision to the undersigned following the parties' filing of forms acknowledging their consent to the jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c)(1). (*See* Docs. 6, 7, 9).

1

1  "Underlying Action"). *Id.* ¶ 17. In the Underlying Action, Plaintiff alleged he sustained personal
2  injuries while at Ten-West Towing's property on or around April 15, 2019. *Id.* ¶ 11. Specifically,
3  Plaintiff alleged that on that date, he was directed to Ten-West Towing's property when Cady
4  confronted him and began swearing and directing racial epithets towards Plaintiff. *Id.* ¶ 17. At
5  some point, Edwards allegedly "ran up to Plaintiff, and punched Plaintiff, dropping Plaintiff to
6  the ground without provocation." *Id.* Plaintiff alleged that he was "viciously beaten up."
7  Although Edwards allegedly claimed he merely was trying to "get in between [Plaintiff] and
8  [Cady]" during the engagement, according to Plaintiff's allegations, "video footage shows that
9  [Edwards] did not take any action to separate Plaintiff from the owner." *Id.* Further, Plaintiff
10 alleges that "Edwards' excuse of 'protecting the owner' is not substantiated by the actual video
11 footage and it can be reasonably inferred that [Edwards] was irrationally angry and motivated to
12 hurt Plaintiff." *Id.* Plaintiff alleged that "the assault" by Edwards caused him both physical
13 injury and mental and emotional distress. *Id.*

14 Defendant National Interstate Insurance Company ("NIIC" or "Defendant") issued an
15 insurance policy to Ten-West Towing for the policy period of November 1, 2018 to November
16 1, 2019 (the "Policy"). The Policy included a Commercial General Liability Coverage Form that
17 provides, in general, that NIIC will pay those sums that Ten-West Towing becomes legally
18 obligated to pay as damages because of "bodily injury" or "property damage" to which the Policy
19 applies. Complaint ¶ 9 & Exhibit A (Doc. 1-1 at ECF p. 82). The Policy further provides that
20 NIIC will have the right and duty to defend the insured against any "suit" seeking those damages.
21 Complaint Exhibit A (Doc. 1-1 at ECF p. 82). The Policy also includes an "Expected or Intended
22 Injury" exclusion, which states that: "This insurance does not apply to ... 'Bodily injury'…
23 expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily
24 injury' resulting from the use of reasonable force to protect persons or property." *Id.* at ECF p.
25 83.

26 Additionally, the Policy included an endorsement entitled "EXCLUSION – ASSAULT &
27 BATTERY." Complaint Exhibit A (Doc. 1-1 at ECF p. 112). That endorsement modified the
28 Policy to add an exclusion precluding coverage for, as relevant here, (1) assault, battery or any

other violent crime, and (2) "Any act or omission in connection with the prevention or suppression of assault, battery or any other violent crime." *Id.*

In connection with the Underlying Action, Ten-West Towing and/or Cady notified NIIC and requested coverage and defense under the Policy from NIIC. Complaint ¶ 12. On January 27, 2020, NIIC issued a letter to Ten-West Towing asserting its "Reservation of Rights." *Id.* NIIC initially accepted tenders of defense, subject to reservations of its rights, but on January 26, 2021, declined to continue providing coverage or a defense to the insureds after discovering information it claimed precluded coverage under the aforementioned assault and battery endorsement/exclusion. *Id.* ¶¶ 12, 14, 15, 18.

According to Plaintiff's allegations, on November 14, 2022, the parties in the Underlying Action settled the case. Complaint ¶ 22. A copy of the settlement agreement is attached to and incorporated in Plaintiff's complaint in the instant action. Among other things, the settlement agreement provides that Plaintiff is assigned Ten-West Towing and Cady's rights under the Policy for breach of NIIC's duty to defend, bad faith, "and any other applicable claims both in contract and tort." *Id*. The parties agreed to the terms of a stipulated judgment in the amount of $5 million in Plaintiff's favor, but also agreed that the final judgment in the Underlying Action "be held and not entered pending resolution of the Assigned Claims against NIIC." *Id.* Exhibit B ¶ 1. In exchange for a payment of $200,000 from NIIC, Plaintiff agreed not to attempt to collect on the final judgment in the Underlying Action. *Id*. ¶ 4.

On May 10, 2023, Plaintiff filed this action against Defendant in the Superior Court for the State of California, County of Kern. In the complaint, Plaintiff asserts four causes of action: (1) breach of contract; (2) breach of implied covenant – unreasonable failure to defend; (3) breach of implied covenant – refusal to accept reasonable settlement demand; (4) declaratory judgment. On June 22, 2023, Defendant removed the action to this Court.

**Party Contentions**

In its pending motion, Defendant argues that Plaintiff's breach of contract claim should be dismissed because Defendant did not have a duty to defend in the Underlying Action. Specifically, Defendant asserts that the Policy at issue does not apply to the parties' dispute due

to certain of its terms, exclusions and endorsements. Defendant asserts that the Policy's "Exclusion – Assault & Battery" endorsement and "Expected or Intended Injury" exclusion apply to preclude coverage. Defendant separately argues that California Insurance Code § 533 applies to preclude coverage, and also, that the Policy is inapplicable because the Underlying Action was predicated on events that do not constitute a coverable "Occurrence" under the policy.

In opposition, Plaintiff argues that the Policy is ambiguous and, accordingly, must be construed in accordance with Plaintiff's reasonable expectations. (Doc. 5 pp. 11-13). Specifically, Plaintiff asserts that the "Expected or Intended Injury" exclusion expressly excepts "bodily injury resulting from the use of reasonable force to protect persons or property." (*Id*. p. 11). Under the facts and circumstances that Plaintiff proffers concerning the events in the Underlying Action, this "reasonable force" exception "creates a potential for coverage" and that such exceptions are interpreted broadly under California law in favor of coverage. Further, Plaintiff argues that the assault and battery exclusion is an "inconsistent" and "competing provision[]" and that the resulting ambiguity requires an interpretation of the Policy that favors finding a duty to defend. (*Id*. pp. 12-13). Additionally, Plaintiff argues that Insurance Code § 533 does not apply because that policy's named insureds (a corporate entity and its CEO) are not alleged to have engaged in willful conduct, but rather, would be liable (if at all) vicariously.

In its reply, Defendant points out that Plaintiff does not challenge the effectiveness or enforceability of the assault and battery exclusion. (Doc. 8 pp. 5-6) Further, Defendant argues that while the Policy is not ambiguous, even if there was an ambiguity due to the two exclusions Plaintiff asserts are inconsistent and in conflict, under California law, the assault and battery exclusion takes precedence because it is contained in an endorsement to the Policy. Defendant urges the Court to disregard the extrinsic evidence Plaintiff proffers in his opposition papers. (*Id*. p. 7). Defendant also argues that Plaintiff is incorrect to assert that California Insurance Code § 533 is no bar to coverage because, here, the named insureds ratified the tortfeasor's willful conduct. (*Id*. pp 8-10).

/ / /

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984))

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

"For a [Rule] 12(b)(6) motion, a court generally cannot consider material outside the

complaint." *Hamilton v. Bank of Blue Valley*, 746 F. Supp.2d 1160, 1167 (E.D. Cal. 2010) (citing *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp.2d 1158, 1162, n.2 (C.D. Cal. 2003)). "Nonetheless, a court may consider exhibits submitted with the complaint." *Id*. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id*. at 1168 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Accord, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002)  "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Hamilton*, 746 F. Supp.2d at 1168 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

**Discussion**

**A.   The Court Declines to Convert the Motion to a Motion for Summary Judgment**

In his opposition to Defendant's motion to dismiss, Plaintiff proffers three documents that were neither attached to nor referenced in the complaint: (1) an answer purportedly filed in the Underlying Action; (2) excerpts from the deposition of Cady in the Underlying Action; and (3) excerpts from the deposition of Edwards in the Underlying Action.  (Doc. 5-1 Exhibits 3-5).

In the Ninth Circuit, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleading happen to be filed with the court and not expressly rejected by the court." *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 582 (9th Cir. 1983) (holding that district court properly treated motion as motion to dismiss, despite presence of affidavits, where there was no indication of the court's reliance on outside materials and the court expressly stated that it was dismissing for failure to state a claim upon which relief could be granted); *see Keams v. Temple Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997) ("12(b)(6) motion need not be converted into a motion for summary judgment

when matters outside the pleading are introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous materials"). Rather, a motion to dismiss supplemented by a party's extraneous materials is regarded as one for summary judgment only when the court "acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration." *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003). No such action is taken in this case. The Court will exclude Plaintiff's proffered information presented outside of the complaint and declines to convert Defendant's motion to dismiss into a motion for summary judgment.

**B.   Because It Has No Duty to Defend, NIIC Did Not Breach the Contract**

Plaintiff's breach of contract claim is based on his allegation that NIIC failed to provide a litigation defense and wrongfully withdrew its defense to its insureds in the Underlying Action. Complaint ¶¶ 52, 55.

### 1.   Governing Law

"The interpretation of an insurance policy is governed by state law." *Northfield Ins. Co. v. Sandy's Place, LLC*, 530 F. Supp.3d 952, 962 (E.D. Cal. 2021) (citation omitted). Under California law, "[t]he duty to defend is determined by reference to the policy, the complaint, and *all* facts known to the insurer from any source." *Zelda, Inc. v. Northland Ins. Co*., 56 Cal App.4th 1252, 1261 (citing *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 300 (1993) (emphasis in original)). "For an insurer, the existence of a duty to defend turns not upon the ultimate adjudication of coverage under its policy of insurance, but upon those facts known by the insurer at the inception of a third party lawsuit." *Montrose Chem. Corp.,* 6 Cal.4th at 295 (citations omitted). In other words, "the duty to defend runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed." *State Farm Gen. Ins. Co. v. Phillips*, 591 F. Supp.3d 680, 686 (C.D. Cal. 2022) (quotation and citation omitted).

"However, the insurer's duty to defend does not extend to claims for which there is no potential for liability coverage under the policy; this includes claims which fall outside the scope of the policy or are *expressly excluded under the policy*." *Kaufman v. Chubb Ltd*., 386 F. Supp.3d 1270, 1275 (C.D. Cal. 2019) (citing *Alterra Excess & Surplus Ins. Co. v. Snyder*, 234 Cal.

7

1 App.4th 1390, 1401–02 (2015) (emphasis added)). "Further, '[a]n insured may not trigger the
2 duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in
3 which the third party claimant might amend its complaint at [] some future date.'" *Id*. (quoting
4 *Gunderson v. Fire Ins. Exch*., 37 Cal. App. 4th 1106, 1114, (1995)).

5       In determining whether a claim gives rise to a duty to defend under an insurance policy,
6 courts are guided by the principle "that interpretation of an insurance policy is a question of law."
7 *Waller v. Truck Ins. Exchange, Inc*., 11 Cal.4th 1, 18 (1995). "Under statutory rules of contract
8 interpretation, the mutual intention of the parties at the time the contract is formed governs
9 interpretation." *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 821–822 (1990) (citation omitted).
10 In determining this intent, courts "look first to the language of the contract in order to ascertain
11 its plain meaning or the meaning a layperson would ordinarily attach to it." *Waller*, 11 Cal.4th at
12 18. The "clear and explicit" language of the policy is considered and interpreted in its "ordinary
13 and popular sense," unless "used by the parties in a technical sense or a special meaning is given
14 to them by usage." *AIU*, 51 Cal.3d at 822. Courts "interpret the language in context, with regard
15 to its intended function in the policy." *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1256
16 (1992).

17       **2.    Analysis**

18       Here, Plaintiff acknowledges the existence of the Policy's assault and battery exclusion
19 (Doc. 5 p. 3) and accepts such exclusionary clauses are enforceable so long as they are
20 "conspicuous, plain and clear" (*id*. p. 10, citing *State Farm Mut. Auto Ins. Co. v. Jacober*, 10
21 Cal.3d 193, 202 (1973)).  Moreover, Plaintiff raises no challenge that the appearance and
22 language of the Policy's assault and battery exclusion is "conspicuous, plain and clear." Rather,
23 Plaintiff argues that the Policy as a whole is ambiguous because the expected or intended injury
24 exclusion expressly excepts "bodily injury resulting from the use of reasonable force to protect
25 persons or property."  Based on the purported inconsistency between the two exclusionary
26 clauses and the claim that reasonable force was at issue in this case, Plaintiff asserts that there
27 was "a potential for coverage, and the ambiguity in the Policy based on the competing provisions
28 must be construed in favor of coverage and a duty to defend." (Doc. 5 p. 13).

Contrary to Plaintiff's characterization, this is not a case where an exclusion "arguably applies but may reasonably be interpreted to be inapplicable to the alleged facts." (Doc. 5 p. 9) (citing *Aroa Marketing, Inc. v. Harford Ins. Co. of Midwest*, 198 Cal. App.4th 781, 786 (2011)). Based on the allegations in Plaintiff's own complaint that he was "viciously beaten" "without provocation" during an "assault" by a person who was "motivated to hurt Plaintiff," the assault and battery exclusion set forth in an endorsement to the Policy unmistakably applies "in all possible worlds." (*Id*. at 10) (citing *Atlantic Mut. Ins. Co. v. J. Lamb, Inc.,* 100 Cal. App.4th 1017, 1038-39 (2002)).

Relying on a withdrawn district court opinion interpreting Nevada law, Plaintiff argues that the Policy's assault and battery exclusion essentially should be disregarded because an ambiguity is created by the separate, "inconsistent" exclusion for expected/intended injury (which precludes coverage in the case of expected or intended bodily injury, but which does not apply where injury results from the use of reasonable force to protect persons or property). (Doc. 5 pp. 11-12) (citing *Atain Specialty Ins. Co. v. Reno Cab Co*., 341 F. Supp.3d 1168 (D. Nev. 2018)), *vacated by* 2019 WL 320825 (D. Nev. Jan. 25, 2019). In that case, the Court concluded that the policy's "reasonable force" limitation to the expected or intended injury exclusion "conflict[ed] with" the assault and battery exclusion. *Id.* at 1172. The Court reasoned that the assaultive conduct at issue was within the scope of both exclusions, resulting in "two competing interpretations" of the policy. *Id.* at 1173. The Count found ambiguity in the policy because under one exclusion, coverage was excepted, whereas under the other exclusion, coverage was required. *Id.*

This Court disagrees with the reasoning of *Atain*. No ambiguity is created in an insurance policy where one exclusionary provision arguably does not apply (in this case, the expected/intended injury exclusion if, in fact, there was reasonable force), but a separate exclusionary provision unquestionably does apply (here, the assault and battery exclusion, for which there is no reasonable force exception). These two policy exclusions do not conflict and are not inconsistent: they simply apply to different events. *See, e.g., Covington Specialty Ins. Co. v. Rodney's Loft, Inc*., No. 21-11541, 2022 WL 1184326, at *3 (E.D. Mich. Apr. 21, 2022) ("there is no disharmony in an insurance policy that both (i) excludes coverage for assault and

1  battery and (ii) excludes coverage for bodily injuries that are 'expected or intended,' except when
2  the 'expected or intended' bodily injuries result from the use of reasonable force to protect
3  persons or property. These two exclusions apply to different circumstances."); *Scottsdale Ins.*
4  *Co. v. Owl Nite Sec*., *Inc*., No. 06-CV-0097-CVE-SAJ, 2006 WL 3742102, at *6 (N.D. Okla.
5  Dec. 15, 2006) ("The fact that the Expected and Intended Injury Exception contains a 'reasonable
6  force' exception in no way limits the effect of the separate and distinct Assault and Battery
7  Exclusion. The exception cannot be read to create an ambiguity in the Policy where one does not
8  exist.").

9  Plaintiff's reliance on *Atain* for the proposition that the Policy at issue is ambiguous is
10 misplaced for the additional reason that *Atain* interpreted Nevada law.  Under California law, to
11 the extent the language of an endorsement and in the body of the policy arguably conflict, the
12 endorsement prevails so long as it is conspicuous, plain and clear.  *Haynes v. Farmers Ins. Exch*.,
13 32 Cal.4th 1198, 1204 (2004); *Estate of Murphy v. Gulf Ins. Co.*, 82 Cal. App.3d 304, 309 (1978).
14 Accord *Price v. Zim Israel Navigation Co., Ltd*., 616 F.2d 422, 427 (9th Cir. 1980) ("[T]he
15 paramount principle of insurance policy construction is that a policy should be interpreted to give
16 effect to the intention of the parties .... In ascertaining that intention, an endorsement normally
17 prevails over inconsistent provisions of the policy.") (citations omitted).

18 Here, the Endorsement is attached to the Policy and is intended to modify the Policy. *See*
19 Complaint Exhibit A (Doc. 1-1 at ECF p. 111) ("THIS ENDORSEMENT CHANGES THE
20 POLICY.  PLEASE READ IT CAREFULLY.").  Thus, by its terms and consistent with
21 California law, to the extent the Endorsement and the reasonable force exception to the bodily
22 injury exclusion conflict, the Endorsement trumps.  *Price*, 616 F.2d at 427; *Haynes*, 32 Cal.4th
23 at 1204; *Estate of Murphy*, 82 Cal. App.3d at 309.  Accord, *Cohne v. Navigators Specialty Ins.*
24 *Co*, 361 F. Supp.3d 132, 143 (D. Mass 2019) (same under Massachusetts law; assault and battery
25 endorsement given effect over reasonable force exception to the bodily injury exclusion).[2]

---

[2] Plaintiff's argument that the reasonable force exception to the expected/intended injury exclusion converts the exclusion into a "coverage clause" to be construed strictly against the insurer (Doc. 5 p. 11) is incorrect.  *See Aydin Corp. v. First State Ins. Co.,* 18 Cal.4th 1183,

In the absence of coverage there can be no breach of contract on NIIC's part.[3] Accordingly, because NIIC was relieved of any duty to defend by virtue of the Policy's exclusion for assault and battery, Plaintiff's breach of contract cause of action shall be dismissed.

### C. Without a Breach of Contract Claim, Plaintiff's Other Claims Must Be Dismissed

Under California law, "without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1034 (9th Cir. 2008) (citing *Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1 (1995)); *see Marks v. U.S. Life Ins. Co*., 2014 WL 3401450, at *3 (E.D. Cal. July 11, 2014) ("Because the Court has dismissed the claim for breach of contract with prejudice, the claim for breach of the duty of good faith and fair dealing must also be dismissed.").

Moreover, the implied covenant of good faith and fair dealing imposes a duty upon an insurer to not unreasonably withhold payments due under a policy. *Love v. Fire Ins. Exch., Co.*, 221 Cal.App.3d 1136, 1151 (1990). Naturally, "[t]here is no breach of the implied covenant when an insurer withholds benefits for proper cause." *One West Bank v. Houston Casualty Co*, No. CV 14-00547 BRO (JCGx), 2015 WL 11090350, at *16 (C.D. Cal. Mar. 9, 2015). "This means that without a viable breach of contract claim against the insurer, an insured's cause of action for breach of the implied covenant of good faith and fair dealing will fail as a matter of law." *Yahoo! Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* No 5:17-cv-00489-EJD, 2018 WL 4962033, at *4 (N.D. Cal. Oct. 12, 2018). Accord *O'Keefe v. Allstate Indem. Co.*, 953 F. Supp.2d 1111, 1115 (S.D. Cal. 2013) ("Where benefits are withheld for proper cause, such as lack of coverage under the policy, there is no breach of the implied covenant.").

Thus, as set forth above, because Plaintiff's breach of contract claim fails, so, too, do his breach of implied covenant of good faith claims. Plaintiff likewise is not entitled to declaratory

---

1192 n.3 (1998) (characterizing as "unremarkable" the proposition that "[a]n exception to an exclusion does not create coverage not otherwise available under the coverage clause.").

[3] Given the Court's conclusion that NIIC was under no duty to defend based on the prevailing, conspicuous, plain and clear assault and battery exclusion set forth in an endorsement to the Policy, the Court declines to consider Defendant's alternative grounds for dismissal (*e.g*., whether Ins. Code § 533 applies to preclude coverage and whether the relevant events constitute a coverable "occurrence").

relief. *See, e.g., The Upper Deck Co., LLC v. Fed. Ins. Co.,* 358 F.3d 608, 610 (9th Cir. 2004) (affirming dismissal of insured's declaratory relief claim where insurer had no duty to defend).

**Leave to Amend**

Generally, Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id*. When a complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

As set forth above, the Policy does not, on the facts alleged, support Plaintiff's coverage claims. However, because this is the Court's first review of the complaint, Plaintiff may seek to amend if he believes other facts bring his claim within the Policy. Notwithstanding the Court's significant doubts that Plaintiff could plead around the Policy exclusion for injuries resulting from assault and battery,[4] the Court grants Plaintiff leave to amend. *See Desalegn v. Century Surety Co*., No. 3:15-cv-05678-JD, 2016 WL 10721815, *2 (N.D. Cal. Sept. 12, 2016) (granting insurer's Rule 12(b)(6) motion based on assault and battery exclusion and extending to plaintiff leave to file first amended complaint); *Desalegn v. Century Surety Co*., No. 3:15-cv-05678-JD, 2017 WL 6626672, *1 (N.D. Cal. Sept. 15, 2017) (dismissing amended complaint on the grounds that (1) even actions taken in self-defense constituted assault, and separately, (2) judicial estoppel), *aff'd*, 765 Fed. App. 191, 192 (9th Cir. 2019).

Given the nature of the admissions in the instant complaint, the parties are reminded of the availability of Rule 11 sanctions should any amended complaint containing factual allegations without sufficient evidentiary support be filed. *See Maloney v. Scottsdale Ins. Co*., 256 Fed.

---

[4] Among other things, "[e]ven if [ ] a self-defense argument had a factual basis, the [assault and battery] exclusion would still apply. An act of self-defense necessarily involves resistance to an assault and battery by another." *Century Transit Sys., Inc. v. Am. Empire Surplus Lines Ins. Co.*, 42 Cal. App.4th 121, 129 n.8 (1996).

Appx. 29, 33 (9th Cir. 2007) (citing Fed. R. Civ. P. 11)) (unpub.).

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that Defendant's motion to dismiss (Doc. 3) is GRANTED, and Plaintiff's complaint (Doc. 1-1) is DISMISSED.

Plaintiff is granted leave to amend and to file a first amended complaint to the extent in good faith he may cure the defects in the dismissed complaint as set forth above. Plaintiff SHALL FILE any first amended complaint within 21 days of the date of this Order.

IT IS SO ORDERED.

Dated: __**August 11, 2023**__                      _____
                                                     UNITED STATES MAGISTRATE JUDGE