UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS,<br><br>                Plaintiff,<br><br>        v.<br><br>NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>                Defendant. | Case No. 1:23-cv-00936-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)<br><br>(Doc. 12) |

Pending before the Court is the motion by Defendant National Interstate Insurance Company (NIIC) to strike and dismiss the first amended complaint (FAC) of Plaintiff Anthony Davis, filed September 13, 2023, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). (Doc. 18).[1] Pursuant to Local Rule 230(c), Plaintiff was required to file an opposition or statement of non-opposition no later than September 27, 2023. Plaintiff did not make a timely filing, and as of the date of entry of this Order, has not requested an extension of time or otherwise communicated with the Court. Because the Court deems the matter suitable for disposition without hearing and oral argument, the motion hearing noticed for October 20, 2023 is VACATED.

---

[1] The parties expressed consent to the jurisdiction of a United States Magistrate Judge for all proceedings in this action, including trial and entry of judgment, and the matter was reassigned to the undersigned on September 18, 2023, pursuant to 28 U.S.C. § 636(c)(1). (*See* Doc. 20).

1

**Background**

On August 11, 2023, this Court dismissed Plaintiff's original complaint and granted leave to amend. (Doc. 11). As the parties are familiar with the factual and procedural background of the case, the Court incorporates here the factual narrative set forth in the Court's earlier order.

In its earlier dismissal order granting leave to amend, the Court expressed significant doubt that Plaintiff could plead around the relevant Policy exclusion for injuries resulting from assault and battery. *Id.* at 12. Nevertheless, on August 30, 2023, Plaintiff timely filed his FAC. (Doc. 12). The FAC makes three substantive revisions to the original complaint: (1) an allegation that Plaintiff filed a self-defense affirmative defense in his answer to the underlying state court action (Doc. 12 ¶ 18); (2) quoted excerpts of the deposition of a NIIC employee involved in the altercation with Plaintiff indicating the employee was defending himself in view of the threat he perceived from Plaintiff; (*id.* ¶ 21); and (3) quoted excerpts of the deposition of another NIIC employee who similarly believed he was acting in self-defense (*id.* ¶ 22).

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[2] A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984))

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility

---

[2] Because the Court concludes Plaintiff's FAC is subject to dismissal with prejudice under Rule 12(b)(6), it declines to resolve NIIC's separate request that the FAC be stricken pursuant to Rule 12(f).

2

requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

"For a [Rule] 12(b)(6) motion, a court generally cannot consider material outside the complaint." *Hamilton v. Bank of Blue Valley*, 746 F. Supp.2d 1160, 1167 (E.D. Cal. 2010) (citing *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp.2d 1158, 1162, n.2 (C.D. Cal. 2003)). "Nonetheless, a court may consider exhibits submitted with the complaint." *Id*. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id*. at 1168 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Accord, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002) "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Hamilton*, 746 F. Supp.2d at 1168 (quoting *United States v. Ritchie*, 342

F.3d 903, 908 (9th Cir. 2003)).

**Discussion**

For the same reasons set forth in its earlier order dismissing Plaintiff's original complaint with leave to amend (Doc. 11), the Court concludes Plaintiff's FAC fails to state a plausible claim for recovery from NIIC.  Based on the allegations in Plaintiff's FAC (similar to the original complaint) that he was "viciously punch[ed] and beat[en]" "without provocation" during an "assault" by a NIIC employee who was "motivated to hurt Plaintiff" (Doc. 12 ¶¶ 17(h), (p) & (q)), the assault and battery exclusion set forth in an endorsement to the Policy unmistakably applies "in all possible worlds." (Doc. 11 at 9) (citing *Atlantic Mut. Ins. Co. v. J. Lamb, Inc*., 100 Cal. App.4th 1017, 1038-39 (2002)).  And as the Court previously found, there is no conflict between the Policy's assault and battery exclusion and the expected/intended injury exclusion because the provisions merely apply to different events.  *Id*. (citations omitted).

Plaintiff's supplementation of the FAC to the extent of alleging that certain NIIC employees involved in the assault were acting in self-defense (Doc. 12 ¶¶ 18, 21, 22) does not undermine the force and effect of the assault and battery exclusion. That is because Plaintiff's claims would still be excluded from coverage under the exclusionary language precluding coverage for "any act or omission in connection with the prevention or suppression of assault, battery or any other violent crime." (Doc. 12-1, Exhibit A, p. 90).  *See Century Transit Sys., Inc. v. Am. Empire Surplus Lines Ins. Co.*, 42 Cal. App.4th 121, 129 n.8 (1996) ("Even if [] a self-defense argument had a factual basis, the [assault and battery] exclusion would still apply. An act of self-defense necessarily involves resistance to an assault and battery by another."); *Essex Ins. Co. v. Yi*, 795 F. Supp. 319, 323-24 (N.D. Cal. 1992) ("Even if the state court ultimately vindicates Haring, the incident at issue nonetheless constituted either an 'assault and battery' or 'an act or omission in connection with the prevention or suppression of such acts.'").  *Accord Desalegn v. Century Surety Co*., No. 3:15-cv-05678-JD, 2017 WL 6626672, *1 (N.D. Cal. Sept. 15, 2017) (dismissing amended complaint on the grounds that (1) even actions taken in self-defense constituted assault, and separately, (2) judicial estoppel applied), *aff'd*, 765 Fed. App. 191, 192 (9th Cir. 2019).

While that is enough to dismiss the FAC, the Court also notes that judicial estoppel calls Plaintiff's amendments into serious doubt. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1044-45 (9th Cir. 2016).

Accordingly, because NIIC was relieved of any duty to defend by virtue of the Policy's exclusion for assault and battery, there can be no breach of contract on NIIC's part and, thus, Plaintiff's breach of contract cause of action must be dismissed.[3]

**Leave to Amend**

Generally, Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id*. When a complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Further leave to amend is unwarranted. Although the Court was skeptical Plaintiff could resolve the original complaint's deficiencies, it granted leave to amend to account for the possibility that Plaintiff might assert new facts taking the assault outside the ambit of the Policy's assault and battery exclusion. As set forth above, Plaintiff's supplemented allegations concerning self-defence do not support Plaintiff's coverage claims.

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that Defendant's motion to dismiss (Doc. 18) is GRANTED, and Plaintiff's first amended complaint (Doc. 12) is DISMISSED WITH PREJUDICE.

---

[3] As the Court found in it earlier dismissal order, without a breach of contract claim, Plaintiff's other claims also must be dismissed. *See* Doc. 11 pp. 11-12.

5

The Clerk of the Court is directed to terminate all dates, hearings and filing requirements and close the case.

IT IS SO ORDERED.

Dated: __**October 2, 2023**__  _____
UNITED STATES MAGISTRATE JUDGE