UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS, | Case No. 1:23-cv-00936-CDB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b) |
| v. | |
| NATIONAL INTERSTATE INSURANCE COMPANY, | (Doc. 23) |
| Defendant. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6) |
| | (Doc. 12) |

Pending before the Court is the motion by Plaintiff Anthony Davis, filed October 6, 2023, pursuant to Rule 60(b), Fed. R. Civ. P. (Doc. 23), for relief from a final judgment entered October 3, 2023, dismissing Plaintiff's first amended complaint (Doc. 22). Defendant National Interstate Insurance Company (NIIC) timely opposed the motion. (Doc. 26). Plaintiff did not file an optional reply. On November 11, 2023, the Court took Plaintiff's motion under submission without the need for hearing and oral argument. (Doc. 27). For the reasons set forth herein, the Court will grant Plaintiff's motion for relief and take notice of Plaintiff's late-filed briefing in opposition to Defendant's motion to strike and dismiss Plaintiff's first amended complaint

(FAC), filed September 13, 2023, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). (Doc. 18).[1]

**Background**

On August 11, 2023, this Court dismissed Plaintiff's original complaint and granted leave to amend. (Doc. 11). As the parties are familiar with the factual and procedural background of the case, the Court incorporates here the factual narrative set forth in the Court's earlier order.

In its earlier dismissal order granting leave to amend, the Court expressed significant doubt that Plaintiff could plead around the relevant Policy exclusion for injuries resulting from assault and battery. *Id.* at 12. Nevertheless, on August 30, 2023, Plaintiff timely filed his FAC. (Doc. 12). The FAC makes three substantive revisions to the original complaint: (1) an allegation that Plaintiff filed a self-defense affirmative defense in his answer to the underlying state court action (Doc. 12 ¶ 18); (2) quoted excerpts of the deposition of a NIIC employee involved in the altercation with Plaintiff indicating the employee was defending himself in view of the threat he perceived from Plaintiff; (*id*. ¶ 21); and (3) quoted excerpts of the deposition of another NIIC employee who similarly believed he was acting in self-defense (*id*. ¶ 22).

On September 13, 2023, Defendant moved to strike and dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). Pursuant to Local Rule 230(c), Plaintiff was required to file an opposition to Defendant's motion or statement of non-opposition no later than September 27, 2023. When Plaintiff did not make a timely filing in response to Defendant's motion to dismiss, or request an extension of time, or otherwise communicate with the Court, on October 2, 2023, the Court granted Defendant's motion to dismiss the FAC and entered final judgment. (Docs. 21, 22).

On October 6, 2023, Plaintiff filed the instant motion for relief from final judgment, accompanied by an attorney declaration, exhibits and a late-filed brief in opposition to Defendant's motion to dismiss. (Docs. 23-25). In short, counsel for Plaintiff acknowledges he made a "mistake" in calendaring the deadline to file an opposition brief. (Doc. 23 at 6, 8 ¶¶ 4-

---

[1] The parties expressed consent to the jurisdiction of a United States Magistrate Judge for all proceedings in this action, including trial and entry of judgment, and the matter was reassigned to the undersigned on September 18, 2023, pursuant to 28 U.S.C. § 636(c)(1). (*See* Doc. 20).

6). Specifically, although counsel was aware the deadline for filing an opposition brief is 14 days after the motion is filed, the paralegal whom counsel directed to calendar the deadline operated under the mistaken impression (based on a since-amended local rule) that the filing deadline was 14 days prior to the motion hearing date. *Id.* In relief, Plaintiff asks the Court to vacate the judgment in Defendant's favor and consider Plaintiff's late-filed opposition brief in ruling on Defendant's motion to dismiss.

**Rule 60(b) Legal Standard and Discussion**

"Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). Counsel's negligence in litigating a case may constitute excusable neglect if a court concludes the balance of a four-factor equitable test warrants relief from judgment *Id*. The four-factor test under Rule 60(b) requires consideration of: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id.* at 1223-24 (citing *Pioneer Invest. Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, although granting Plaintiff's motion potentially would deprive Defendant of a "quick victory" from the Court's dismissal of Plaintiff's first amended complaint, such prejudice is insufficient to justify denial of relief. *See Bateman*, 231 F.3d at 1225. The length of Plaintiff's delay in filing a belated opposition brief is minimal and, given that the case is in its infancy without having case management dates scheduled, granting Plaintiff relief would have little to no impact on the proceedings. While the reason for delay – to wit, trial counsel's careless failure to supervise a paralegal's proper calculation of the deadline for filing an opposition to Plaintiff's motion to dismiss (Doc. 23 at 8 ¶¶ 4-6, Decl. of Seth O'Dell) – is weak, "there is no evidence that he acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness." *Bateman*, 231 F.3d at 1225.

Having considered the *Bateman* factors, the Court finds that counsel's failure to timely file an opposition brief constitutes excusable neglect and that the equities weigh in favor of granting

relief pursuant to Rule 60(b). Accordingly, the Court will enter a new order on Defendant's motion to dismiss that considers Plaintiff's late-filed opposition brief. *But see Everest Nat. Ins. Co. v. Valley Flooring Specialties*, No. CV F 08-1695 JLO GSA, 2009 WL 1530169, at *2-5 (E.D. Cal. May 27, 2009) (declining to grant Rule 60(b) motion premised on counsel's failure to timely file opposition brief).[2]

**Rule 12(b) Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[3] A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984))

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences

---

[2] The Court notes Plaintiff's motion for relief was sufficiently timely that it likely could have been brought pursuant to Rule 59(e). *See Shapiro ex rel. Shapiro v. Paradise Valley Unified School Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004). Nevertheless, Plaintiff expressly seeks relief only pursuant to Rule 60(b)(1) & (6).

[3] Because the Court concludes Plaintiff's FAC is subject to dismissal with prejudice under Rule 12(b)(6), it declines to resolve NIIC's separate request that the FAC be stricken pursuant to Rule 12(f).

in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

"For a [Rule] 12(b)(6) motion, a court generally cannot consider material outside the complaint." *Hamilton v. Bank of Blue Valley*, 746 F. Supp.2d 1160, 1167 (E.D. Cal. 2010) (citing *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp.2d 1158, 1162, n.2 (C.D. Cal. 2003)). "Nonetheless, a court may consider exhibits submitted with the complaint." *Id*. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id*. at 1168 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Accord, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Hamilton*, 746 F. Supp.2d at 1168 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

**Discussion**

For the same reasons set forth in its earlier order dismissing Plaintiff's original complaint with leave to amend (Doc. 11), the Court concludes Plaintiff's FAC fails to state a plausible claim for recovery from NIIC. Based on the allegations in Plaintiff's FAC (similar to the original

complaint) that he was "viciously punch[ed] and beat[en]" "without provocation" during an "assault" by a NIIC employee who was "motivated to hurt Plaintiff" (Doc. 12 ¶¶ 17(h), (p) & (q)), the assault and battery exclusion set forth in an endorsement to the Policy unmistakably applies "in all possible worlds." (Doc. 11 at 9) (citing *Atlantic Mut. Ins. Co. v. J. Lamb, Inc*., 100 Cal. App.4th 1017, 1038-39 (2002)). And as the Court previously found, there is no conflict between the Policy's assault and battery exclusion and the expected/intended injury exclusion because the provisions merely apply to different events. *Id*. (citations omitted).

Plaintiff's supplementation of the FAC to the extent of alleging that certain NIIC employees involved in the assault were acting in self-defense (Doc. 12 ¶¶ 18, 21, 22) does not undermine the force and effect of the assault and battery exclusion. That is because Plaintiff's claims would still be excluded from coverage under the exclusionary language precluding coverage for "any act or omission in connection with the prevention or suppression of assault, battery or any other violent crime." (Doc. 12-1, Exhibit ("Ex.") A at 90). *See Century Transit Sys., Inc. v. Am. Empire Surplus Lines Ins. Co.*, 42 Cal. App.4th 121, 129 n.8 (1996) ("Even if [] a self-defense argument had a factual basis, the [assault and battery] exclusion would still apply. An act of self-defense necessarily involves resistance to an assault and battery by another."); *Essex Ins. Co. v. Yi*, 795 F. Supp. 319, 323-24 (N.D. Cal. 1992) ("Even if the state court ultimately vindicates Haring, the incident at issue nonetheless constituted either an 'assault and battery' or 'an act or omission in connection with the prevention or suppression of such acts.'"). *Accord Desalegn v. Century Surety Co*., No. 3:15-cv-05678-JD, 2017 WL 6626672, *1 (N.D. Cal. Sept. 15, 2017) (dismissing amended complaint on the grounds that (1) even actions taken in self-defense constituted assault, and separately, (2) judicial estoppel applied), *aff'd*, 765 Fed. App. 191, 192 (9th Cir. 2019).

While that is enough to dismiss the FAC, the Court also notes that judicial estoppel calls Plaintiff's amendments into serious doubt. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1044-45 (9th Cir. 2016).

In his belated opposition brief (Doc. 25), Plaintiff raises three new arguments not raised in his opposition to Defendant's earlier motion to dismiss the original complaint.

First, he argues that this Court's criticism (in its order dismissing the original complaint) of a key decision from the District of Nevada cited and relied upon by Plaintiff in opposing dismissal (*Atain Specialty Ins. Co. v. Reno Cab Co.*, 341 F. Supp.3d 1168 (D. Nev. 2018)) was improper on the purported grounds that the decision (1) was withdrawn, (2) rested on flawed reasoning because the two policy provisions at issue there were neither ambiguous nor inconsistent, and (3) applied Nevada instead of California law. (Doc. 25 at 13-14).

While Plaintiff is correct that, in its order dismissing Plaintiff's original complaint, this Court accurately described *Atain* as a withdrawn, out-of-district opinion, the Court did not criticize or discount the opinion on those grounds. Instead, the Court expressly noted that it "disagrees with the reasoning" of the opinion and explained why. (Doc. 11 at 9). Among its reasons, the Court cited California law holding that where language of an endorsement and in the body of the policy arguably conflict, the endorsement prevails so long as it is conspicuous, plain and clear. *Id.* at 10. In his late-filed opposition brief, Plaintiff does not raise any substantive challenge to the Court's reasoning for rejecting *Atain* other than to argue that the decision is "directly in line with California law." (Doc. 25 at 14). For the reasons set forth in its order dismissing Plaintiff's original complaint, the Court maintains its rejection of Plaintiff's reliance on *Atain*.

Second, Plaintiff argues the Court improperly relied on two out-of-district cases applying foreign law (Michigan and Oklahoma) in relation to the Court's conclusion that the two policy exclusions at issue in this case are not inconsistent. (Doc. 25 at 14-16) (citing Doc. 11 at 9) (citing *Covington Specialty Ins. Co. v. Rodney's Loft, Inc.*, No. 21-11541, 2022 WL 1184326, at *3 (E.D. Mich. Apr. 21, 2022) and *Scottsdale Ins. Co. v. Owl Nite Sec., Inc.*, No. 06-CV-0097-CVE-SAJ, 2006 WL 3742102, at *6 (N.D. Okla. Dec. 15, 2006)). Plaintiff's assertions that the Court failed to appreciate that the policy exclusions and substantive state law in those two cases are different than the policy exclusions and California state law at issue here misses the mark. Instead, the cases were cited as generally illustrative of the Court's conclusion here that the two

policy exclusions for expected/intended injury and assault and battery do not conflict and are not inconsistent, and instead, merely apply to different events.  In other words, *Covington* and *Scottsdale* are relevant only for those courts' similar acknowledgement that two related exclusionary provisions may operate consistently without introducing ambiguity.

Finally, Plaintiff opposes dismissal of the FAC on the grounds that the assault and battery exclusionary clause was not conspicuous in the Policy and, thus, must be stricken. (Doc. 25 at 16) (citing, *inter alia*, *Haynes v. Farmers Ins. Exchange*, 32 Cal. 4th 1198, 1209 (2004) and *Thompson v. Mercury Casualty Co.,* 84 Cal. App. 4th 90 (2000)).  Although Plaintiff curiously did not advance this argument in opposition to Defendant's original motion to dismiss, in its order dismissing Plaintiff's original complaint, the Court expressly held that the assault and battery exclusion was conspicuous, plain and clear.  (Doc. 11 at 11 n.3.).[4]  Plaintiff's newfound reliance on *Haynes* and *Thompson* does not change the Court's conclusion in this regard.

In *Haynes*, the California Supreme Court defined conspicuous to mean that any policy limitation "must be placed and printed so that it will attract the reader's attention." 32 Cal. 4th at 1204.  In that case, the Court found the challenged limitation inconspicuous in large measure because there was "nothing in the header to alert a reader" that the provision limited coverage. *Id*. at 1205.  Moreover, the Court cited approvingly *Thompson,* which likewise found a challenged policy limiting provision inconspicuous because it was not "bolded, italicized, enlarged, underlined, in different font, capitalized, boxed, set apart, or in any other way distinguished from the rest of the fine print." *Id*. at 1207 (quoting *Thompson*, 80 Cal. App. 4th at 97).

The appearance and presentation of the assault and battery exclusion at issue here stands in marked contrast.  The main General Liability policy is a 16-page document (Doc 1-1, Ex. A, commencing at 79) printed in two-column text format. The main provisions are followed by

---

[4] Plaintiff does not challenge the Court's related finding that the assault and battery exclusion separately is plain and clear (Doc. 11 p.11 n.3); the Court reiterates its earlier finding here because "from the perspective of an average layperson, [the exclusionary language] is communicated in clear and understandable language." *Nat'l Auto. & Cas. Ins. Co. v. Stewart*, 223 Cal.App.3d 452, 457 (1990).  Plaintiff raises no argument to the contrary.

8

numerous endorsements, each of which prominently states that it changes the policy. In particular, the assault and battery exclusion appears on a single page, the substantive language of which is prefaced with a centralized header offset from the body of the exclusion in all capitalized text of a font larger than the main font that cautions the reader: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (Doc. 1-1, Ex. A, at 98). Immediately below the header is the underlined title "EXCLUSION – ASSAULT & BATTERY." *Id.* The assault and battery exclusion is made even more conspicuous by the fact that, as compared to the language of the Policy and most of the other endorsements, it is printed in standard form and not in two-column format. "Exclusionary clauses have been found to be conspicuous as a matter of law where the clause is written under headings indicating a limitation of coverage such as 'Exclusions' and printed in a size and intensity identical to the rest of the policy." *Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F. Supp.3d 891, 909 (N.D. Cal. 2016) (citing cases). Accord *Praetorian Ins. Co. v. Tate*, 741 Fed. Appx. 375, 376-66 (9th Cir. 2018) (finding exclusion set forth with identically worded header in all caps, "THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY," to be conspicuous).

Accordingly, because NIIC was relieved of any duty to defend by virtue of the Policy's exclusion for assault and battery, there can be no breach of contract on NIIC's part and, thus, Plaintiff's breach of contract cause of action must be dismissed.[5]

**Leave to Amend**

Generally, Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id*. When a complaint cannot be cured by additional facts, leave to amend need

---

[5] As the Court found in it earlier dismissal order, without a breach of contract claim, Plaintiff's other claims also must be dismissed. *See* Doc. 11 pp. 11-12.

not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Further leave to amend is unwarranted. Although the Court was skeptical Plaintiff could resolve the original complaint's deficiencies, it granted leave to amend to account for the possibility that Plaintiff might assert new facts taking the assault outside the ambit of the Policy's assault and battery exclusion. As set forth above, Plaintiff's supplemented allegations concerning self-defence do not support Plaintiff's coverage claims.

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED:

1. Plaintiff's motion to set aside the judgment pursuant to Rule 60(b)(1) (Doc. 23) is HEREBY GRANTED;

2. The order granting Defendant's motion to dismiss Plaintiff's first amended complaint (Doc. 21) is HEREBY SET ASIDE;

3. The judgment (Doc. 22) is HEREBY VACATED; and

4. Upon consideration of Plaintiff's late-filed opposition brief (Doc. 25), Defendant's motion to dismiss Plaintiff's first amended complaint (Doc. 18) is HEREBY GRANTED and Plaintiff's first amended complaint (Doc. 12) is DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to terminate all dates, hearings and filing requirements and close the case.

IT IS SO ORDERED.

Dated: __**April 29, 2024**__

UNITED STATES MAGISTRATE JUDGE